# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY CARROLL, | No. 1:14-cv-1209-MCE-GSA |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| GGNSC ADMINSTRATIVE SERVICES, LLC, a Delaware Limited Liability Company, | |
| Defendant. | |

On August 14, 2015, the Court held a hearing on a Motion to Withdraw as Counsel of record filed by attorney Joshua Richtel, who, at the time, represented Plaintiff, Betty Carroll ("Plaintiff") in this matter. (Docs. 20 and 25). On July 29, 2015, the Court ordered Plaintiff to personally appear at the hearing on Mr. Richtel's Motion to Withdraw. (Doc. 21). Plaintiff was also given instructions on how to notify the Court that she had retained new counsel to represent her during these proceedings. (Doc. 21). Plaintiff was advised that if new counsel was substituted in, the hearing would likely be vacated. However, if no substitution of counsel was received, her attendance at the proceedings was required. She was further advised that failure to personally appear at the hearing may result in dismissal of her case for failing to prosecute this

1

action. (Doc. 21).

Despite the Court's order, Plaintiff has not informed the Court that she retained new counsel. Additionally, she failed to appear for the hearing, and she did not contact the Court in any way to explain her non-appearance. Accordingly, the Court orders Plaintiff to show cause why this case should not be dismissed for her failure to comply with this Court's orders and for her failure to prosecute this case.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). In the exercise of that power, the Court may dismiss an action for a party's failure to obey court orders and to prosecute the case. *Id*; *also see Malone*, 833 F.2d at130 (affirming district court's dismissal of action for a party's failure to comply with court orders); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (the district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution). The Court is required to weigh several factors in determining whether to dismiss an action for lack of prosecution or failure to obey court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1424; *Malone*, 833 F.2d at 132-133. Furthermore, a dismissal for lack of prosecution must be supported by a showing of unreasonable delay, which creates a presumption of injury to the defense and prejudices the Court's need to manage its docket. *Id.*

**ORDER**

Accordingly, Plaintiff Betty Carroll is **ORDERED** to personally appear on **September 4,**

**2015, at 9:30 a.m., in Courtroom 10**, to show cause, if any exists, for her failure to appear at the Motion to Withdraw as Counsel and prosecute this case.  Plaintiff's appearance is necessary so that the Court can properly manage this litigation.  If Plaintiff is unable to attend this hearing, she must notify the Court in writing prior to the hearing, explain the reason for her inability to attend, and establish good cause for a continuance.  If Plaintiff obtains new counsel before September 4, 2015, she shall notify the Court in writing prior to the hearing.  Plaintiff is cautioned that a failure to appear at the hearing on this Order to Show Cause may result in the dismissal of this action.

      The Clerk of the Court is directed to serve this order on Plaintiff at the following address :

>9554 North Winery Avenue
>Fresno, California 93720

IT IS SO ORDERED.

Dated:   **August 17, 2015**                              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE